IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-333-D
No. 5:24-CV-619-D

|  |  |  |
|---|---|---|
| RESHOD JAMAR EVERETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 31, 2024, Reshod Jamar Everett ("Everett" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and 480-month sentence [D.E. 300] and filed a memorandum in support [D.E. 300-29]. On November 19, 2024, Everett moved for limited discovery [D.E. 304]. On November 25, 2024, Everett moved to expand the record [D.E. 306].[1] On February 11, 2025, Everett moved for the issuance of a show cause order against the United States [D.E. 312]. On March 21, 2025, the court ordered the United States to respond by April 14, 2025, to Everett's petition [D.E. 313]. On April 14, 2025, the United States moved for extension of time to respond to Everett's petition [D.E. 315], and the court granted that motion [D.E. 316]. On May 7, 2025, Everett moved in opposition to any future motion for extension of time by the United States [D.E. 319].

On May 14, 2025, the United States moved to dismiss Everett's petition for failure to state a claim upon which relief can be granted [D.E. 321] and filed a memorandum in support [D.E.

---

[1] On December 9, 2024, Everett filed a duplicate motion to expand the record [D.E. 307].

322]. See Fed. R. Civ. P. 12(b)(6). On that day, the court notified Everett of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 323]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On June 2, 2025, Everett moved for extension of time to file a response [D.E. 326]. On June 3, 2025, Everett moved again for extension of time to file a response [D.E. 327]. On June 6, 2025, the court granted Everett's second motion for extension of time [D.E. 329]. On June 30, 2025, Everett moved in opposition to the United States's motion to dismiss [D.E. 332] and filed exhibits in support [D.E. 332-1–332-14]. As explained below, the court grants the United States's motion to dismiss, dismisses Everett's motion to vacate, and denies as moot Everett's motions for extension of time, for discovery, for expansion of the record, in opposition to any future motion for extension of time, for issuance of a show cause order, and in opposition.

I.

"Everett was a drug kingpin who moved an exceptionally high volume of drugs in less than two years . . . ." United States v. Everett, 91 F.4th 698, 715 (4th Cir. 2024), cert. denied, 145 S. Ct. 242 (2024); Presentence Investigation Report ("PSR") [D.E. 264] ¶¶ 16–30. Everett's drug distribution infrastructure included a "stash house" at 715-5 Middle Bridge Drive in Fayetteville, and Everett's residence, which doubled as a daycare center for children. See Everett, 91 F.4th at 703–05; PSR ¶¶ 19–21. On May 10, 2022, a jury in the Eastern District of North Carolina convicted Everett of conspiracy with intent to distribute 1,000 kilograms or more of marijuana, THC, and five kilograms or more of cocaine (count one), possession with intent to distribute a quantity of marijuana and a quantity of cocaine and aiding and abetting (count four), possession of a firearm in furtherance of a drug trafficking crime (count five), possession with intent to distribute a quantity of a mixture and substance containing delta-9 THC and a quantity of tramadol

(count six), possession of a firearm in furtherance of a drug trafficking crime (count seven), and possession with intent to distribute a quantity of marijuana and aiding and abetting (count eight). See [D.E. 248, 269].

On August 25, 2022, the court held Everett's sentencing hearing. See [D.E. 268, 269, 276]. At the hearing, the court adopted the facts set forth in the PSR and resolved Everett's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 276] 6–34. The court calculated Everett's total offense level to be 42, his criminal history category to be I, and his advisory guideline range to be 360 months' to life imprisonment. See Sent. Tr. 29. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Everett to 360 months' imprisonment on count one, 240 months' concurrent imprisonment on counts four and six, 60 months' concurrent imprisonment on count eight, and 60 months' consecutive imprisonment on counts five and seven, for a total sentence of 480 months' imprisonment. See id. at 41–46.

Everett appealed. See [D.E. 271]. On January 23, 2024, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment and this court's denial of Everett's pretrial motion to suppress evidence found during a protective sweep by law enforcement of Everett's home. See Everett, 91 F.4th 698; [D.E. 289, 290].

In Everett's section 2255 motion, Everett alleges seven grounds for relief. Everett contends that his counsel was constitutionally ineffective by failing to (1) challenge an arrest warrant issued on July 17, 2018, which allegedly contained false statements (ground one); (2) challenge a search warrant issued on July 16, 2018 (ground two); (3) file a post-trial motion challenging the arrest and search warrants of July 16, 2018, and July 17, 2018 (ground three); (4) object to alleged hearsay statements offered at Everett's trial (ground four); and (5) object to alleged threats by the

prosecution against a defense witness (ground five). See [D.E. 300] 4–10; [D.E. 300-29] 1–10. Everett also alleges that the government committed prosecutorial misconduct by using allegedly tainted evidence to obtain a conviction (ground six), and by allegedly threatening a potential defense witness with prosecution (ground seven). See [D.E. 300] 12–14; [D.E. 300-29] 11–12.

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993); Raines v. United States, 423 F.2d 526, 529–30 (4th

Cir. 1970) (per curiam).  Likewise, a court may rely on its own familiarity with the case.  See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A.

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel— that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted).  The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal.  See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001).  To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result.  See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).  Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, . . . the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Harrington v. Richter, 562 U.S. 86, 105 (2011) (quotations omitted); see Weaver v. Massachusetts, 582 U.S. 286, 302–03 (2017); Jackson v. Kelly, 650 F.3d 477, 493 (4th Cir. 2011).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689.  Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

5

assistance." Id. "There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington, 562 U.S. at 109 (quotations omitted); see Yarborough v. Gentry, 540 U.S. 1, 8 (2011). A party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694; Glover, 531 U.S. at 203–04.

1.

Everett's first three claims of ineffective assistance of counsel concern his counsel's failure to file motions to challenge arrest and search warrants. See [D.E. 300] 4–7; [D.E. 300-29] 3–8; [D.E. 332] 2–9. Specifically, Everett alleges that state arrest and search warrants issued on July 16, 2018, and July 17, 2018, contained false statements. See [D.E. 300-29] 3–8; [D.E. 332] 2–9]. Everett argues that his counsel was ineffective for not challenging the arrest and search warrants under Franks v. Delaware, 438 U.S. 154 (1978), and its Fourth Circuit progeny. See [D.E. 300-29] 3–8; [D.E. 332] 2–9.

A "refined" Strickland analysis applies to such claims. United States v. Pressley, 990 F.3d 383, 388 (4th Cir. 2021); see United States v. Billings, No. 22-4311, 2025 WL 636307, at *2 (4th Cir. Feb. 27, 2025) (per curiam) (unpublished); Grueninger v. Dir., Va. Dep't of Corrs., 813 F.3d 517, 524 (4th Cir. 2016). As for deficiency, Everett must plausibly allege that the unfiled motion would have "some substance." United States v. McNeil, 126 F.4th 935, 942 (4th Cir. 2025) (quotation omitted); see Pressley, 990 F.3d at 388; Grueninger, 813 F.3d at 524–25; Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). If so, Everett must plausibly allege the absence of reasonable strategic reasons that warranted not filing the motion. See McNeil, 126 F.4th at 942; Pressley, 990 F.3d at 388. As for prejudice, Everett must plausibly allege "that the motion was

meritorious and likely would have been granted" and "a reasonable probability that granting the motion would have affected the outcome of his trial." Grueninger, 813 F.3d at 525; see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); McNeil, 126 F.4th at 942; United States v. Taylor, 54 F.4th 795, 803 (4th Cir. 2022); Pressley, 990 F.3d at 388; Tice, 647 F.3d at 104.

On July 17, 2018, Officer Samuel Cook ("Officer Cook") of the Fayetteville Police Department sought three warrants for Everett's arrest from a Cumberland County magistrate. See [D.E. 300-4]. On that day, a Cumberland County magistrate issued three warrants for Everett's arrest. See id.; Everett, 91 F.4th at 704. The warrant information forms accompanying the arrest warrants list Everett's residence as 715-5 Middle Bridge Drive in Fayetteville, North Carolina. See [D.E. 300-4].[2] On the warrant information forms, Officer Cook wrote that Everett's codefendant, Alvin Davis ("Davis"), "was read his Miranda warnings on [a] traffic stop. Davis waived his rights and agreed to speak with officers. Davis was asked if there [were] any narcotics at his residence. Davis advised that if there was it belonged to his roommate." [D.E. 300-4] 2, 4, 6. Everett was Davis's roommate. The warrant information forms note that two detectives responded to the residence that Everett shared with Davis at 715-5 Middle Bridge Drive in Fayetteville, North Carolina. See id. A police K9 alerted to the presence of narcotics at 715-5 Middle Bridge Drive. See id. The warrant information forms state that law enforcement applied for and received a search warrant for 715-5 Middle Bridge Drive. See id. The warrant information forms state that while executing the search warrant at that residence, investigators recovered 438 grams of cocaine, 37.7 pounds of marijuana, $5,744 in cash, and a handgun. See id.

---

[2] The magistrate issued three arrest warrants. The first concerned felony drug conspiracy charges. See [D.E. 300-4] 1–2. The second concerned trafficking in cocaine by possession and manufacture. See [D.E. 300-4] 3–4. The third concerned trafficking in marijuana by possession and manufacture and maintaining a dwelling for keeping and selling controlled substances. See id. at 5–6. The warrant information form accompanying each arrest warrant is the same.

On July 20, 2018, a Cumberland County magistrate issued a search warrant for 651 Executive Place in Fayetteville, North Carolina. See [D.E. 300-22] 1. Officer Cook applied for the search warrant and executed an affidavit in support of the warrant application. See [D.E. 300-22] 2–6. In the affidavit, Officer Cook detailed the traffic stop of Davis and wrote

> Mr. Davis waived his Miranda warnings and spoke to detectives. When asked about the drugs and guns at the apartment he was slow to answer and said "not to my knowledge." When asked if there were bombs or dead bodies, he quickly stated "no" with zero hesitation. It has been my experience during years of law enforcement interviews, that subjects commonly answer questions that they are telling the truth about rather quickly and with conviction. When subjects are lying or not telling the whole truth they commonly are slower on their answers as they have to think about the answer or a story/lie to tell.

[D.E. 300-22].

A motion to challenge the arrest warrants would have lacked any substance. An arrest warrant issued by a neutral magistrate "is the clearest indication that the officers acted in an objectively reasonable manner." Jackson v. Carin, 128 F.4th 525, 534 (4th Cir. 2025) (quotations omitted); see Messerschmidt v. Millender, 565 U.S. 535, 546 (2012). The affidavit accompanying the warrant is presumptively valid. See Franks, 438 U.S. at 171–72. An arrestee may challenge the finding of probable cause underlying the warrant and obtain an evidentiary hearing only by showing "(1) that [the officer] made false or misleading statements in the [warrant] affidavit; (2) that the statements were made deliberately or with reckless disregard for the truth; and (3) that the statements were material to a demonstration of probable cause such that, when they are set aside, the remaining content was insufficient to establish probable cause." Jackson, 128 F.4th at 534; see Franks, 438 U.S. at 155–56; United States v. Moody, 931 F.3d 366, 370–71 (4th Cir. 2019); United States v. White, 850 F.3d 667, 672–73 (4th Cir. 2019); Miller v. Prince George's Cnty., 475 F.3d 621, 627–28 (4th Cir. 2007), abrogated on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009); United States v. Colkley, 899 F.2d 297, 300–01 (4th Cir. 1990). "[W]arrant affidavits are

8

Case 5:20-cr-00333-D   Document 337   Filed 10/02/25   Page 8 of 14

normally drafted by nonlawyers in the midst and haste of a criminal investigation" and "must be interpreted in a commonsense manner, neither held to the standard of what judges or lawyers feel they would have written if given the opportunity nor judged as an entry in an essay contest." Moody, 931 F.3d at 372 (quotations omitted); see United States v. Ventresca, 380 U.S. 102, 108 (1965); United States v. Harris, 403 U.S. 573, 579 (1971); United States v. Clenney, 631 F.3d 658, 665 (4th Cir. 2011).

Everett fails to plausibly allege that Officer Cook's July 17, 2018 statement in the arrest warrant information forms was false or misleading. The showing of falsity "cannot be conclusory and must rest on affidavits or other evidence." Moody, 931 F.3d at 370; see Franks, 438 U.S. at 171; Clenney, 631 F.3d at 663. "[T]here must be evidence showing that the statement[] at issue [is] objectively false." Moody, 931 F.3d at 370. The differences between the July 17, 2018 arrest warrant information forms and the July 20, 2018 search warrant affidavit do not evince objective falsity.

Even if Officer Cook's July 17, 2018 statement included something false about Davis (and it did not), Everett fails to plausibly allege scienter. To allege scienter, Everett "must provide facts—not mere conclusory allegations—indicating that the officer subjectively acted with intent to mislead, or with reckless disregard for whether the statement[] would mislead, the magistrate." Id. at 371; Colkley, 899 F.2d at 301. Everett offers the difference between the July 17 arrest warrant information forms and the July 20 search warrant affidavit to show Officer Cook's state of mind. See [D.E. 300-4]; cf. [D.E. 332] 6. The difference between these documents does not show, or plausibly suggest, that Officer Cook made the challenged statement about Davis with intent to mislead the magistrate or in reckless disregard that the statement's inclusion would mislead the magistrate. Thus, Everett fails to plausibly allege scienter.

Even if Everett plausibly alleged falsity and scienter (and he has not), Everett fails to plausibly allege that the challenged statement about Davis was material to the magistrate's probable cause determination. A false statement is material if it is "necessary to the finding of probable cause." See Moody, 931 F.3d at 971 (quoting Franks, 438 U.S. at 156). A statement is not material to the probable cause determination if "the truthful portions of the warrant application would still support probable cause." Id. Everett argues that Officer Cook's description of his interaction with Davis is the sole connection between Everett and the contraband seized from 715-5 Middle Bridge Drive. See [D.E. 300] 4; [D.E. 332] 6. Setting aside Officer Cook's allegedly false statement, however, the arrest warrant information forms contained ample evidence to support a finding of probable cause to arrest Everett. See [D.E. 300] 2, 4, 6 (listing the drugs, gun, and cash recovered from 715-5 Middle Bridge Drive and listing 715-5 Middle Bridge Drive as Everett's address); cf. Everett, 91 F.4th at 703 (explaining that Everett signed the lease for 715-5 Middle Bridge Drive). Thus, any motion to challenge the arrest warrants would have lacked substance.

Alternatively, assuming Everett plausibly alleged that the motion would have had some substance and the absence of reasonable strategic reasons for not moving to challenge the arrest warrants, Everett fails to plausibly allege prejudice. As explained, a motion to challenge the arrest warrants would have failed because Everett fails to plausibly allege the required showing under Franks and its Fourth Circuit progeny. See 438 U.S. at 155–56; Jackson, 128 F.4th at 534; Moody, 931 F.3d at 370–71; White, 850 F.3d at 672–73; Miller, 475 F.3d at 628; Colkley, 899 F.2d at 300–01. Moreover, Everett's conclusory allegation that granting the motion would have "result[ed] in a dismissal for lack of evidence" or "at the very least a not guilty verdict" is insufficient to allege a reasonable probability that granting the motion would have affected the outcome of Everett's

trial. [D.E. 332] 6. As the Fourth Circuit noted on direct review, the government presented overwhelming evidence of Everett's guilt at trial. See Everett, 91 F.4th at 712. Everett fails to explain how a successful challenge to the arrest warrants would have affected the outcome of his trial. Thus, Everett's ineffective assistance of counsel claim concerning his counsel's failure to challenge the July 17, 2018 arrest warrants fails.

Ground three alleges ineffective assistance of Everett's trial counsel when his counsel failed to challenge the arrest and search warrants post-trial. This claim fails for the same reasons as Everett's claim concerning his counsel's failure to file a pre-trial motion. Moreover, a post-trial Franks motion would have been untimely and futile. Federal Rule of Criminal Procedure 12 required Everett to file evidentiary motions pre-trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(C); see Moody, 931 F.3d at 371; United States v. Moore, 769 F.3d 264, 267 (4th Cir. 2014); United States v. Moler, 650 F. App'x 161, 167 (4th Cir. 2016) (per curiam) (unpublished). As Everett's counsel properly advised him, "it was too late" to file post-trial. [D.E. 300] 5; see United States v. Lester, 311 F. App'x 660, 660 (4th Cir. 2009) (per curiam) (unpublished) ("[M]otions to suppress must be filed prior to trial or by the deadline established by the court."). Thus, Everett's counsel was not ineffective for refusing to file an untimely and meritless post-trial Franks motion. See Knowles v. Mirzayance, 556 U.S. 111, 127 (2009) (counsel need not raise every non-frivolous argument, much less baseless arguments); United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); United States v. Ludwig, 162

F.3d 456, 459 (6th Cir. 1998); Guarascio v. United States, 996 F. Supp. 2d 406, 412 (E.D.N.C. 2014).

Ground two alleges ineffective assistance of Everett's trial counsel when his counsel failed to challenge a search warrant issued on July 16, 2018 for 715-5 Middle Bridge Drive. See [D.E. 300] 5; [D.E. 300-29] 5–6. Everett's voluminous filings in support of his section 2255 motion do not include a search warrant issued on July 16, 2018. See [D.E. 300, 300-29, 332]. Everett appears to argue that Officer Cook's statement concerning Davis also tainted the July 16, 2018 search warrant. See [D.E. 300] 5; [D.E. 300-29] 5–6. As explained, Everett's claim concerning Officer Cook's allegedly false statement fails. Cf. Everett, 91 F.4th at 704 (describing the months-long investigation that led to the issuance of the July 16, 2018 search warrant). Thus, Everett fails to plausibly allege ineffective assistance of counsel concerning his counsel's failure to challenge the July 16, 2018 search warrant.

2.

Ground four alleges the ineffective assistance of Everett's trial counsel "for failing to properly object to the assertions of hearsay" at trial. [D.E. 300] 8; see [D.E. 300-29] 9; [D.E. 332] 9–10. Everett does not identify the hearsay statements that his trial counsel should have objected to. Everett's conclusory allegations do not plausibly allege an ineffective assistance of counsel claim. See Dyess, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a [section] 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt."); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

Ground five alleges the ineffective assistance of Everett's trial counsel when his counsel failed to object to alleged prosecutorial misconduct when the government allegedly "threaten[ed]" Kareem Haley, a potential defense witness. [D.E. 300] 14; [D.E. 300-29] 12; [D.E. 332] 12. The

trial record, however, reflects that the court appointed a Federal Public Defender to advise Kareem Haley on his decision to testify because he was unrepresented, on supervised release, and his testimony could implicate the terms of his supervision. See [D.E. 242]; [D.E. 281] 152–53. Everett has not plausibly alleged deficient performance or prejudice. Thus, Everett fails to plausibly allege ineffective assistance of counsel.

B.

In grounds six and seven, Everett alleges prosecutorial misconduct. Everett, however, failed to raise these claims on direct appeal. See Everett, 91 F.4th at 709–15. Moreover, section 2255 generally cannot be used to raise claims not brought on direct appeal. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001), abrogated on other grounds by Clay v. United States, 537 U.S. 522 (2003). To avoid procedural default, Everett must plausibly allege "actual innocence" or "cause and prejudice" resulting from an alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Everett has not plausibly alleged actual innocence or cause and prejudice resulting from the alleged prosecutorial misconduct. Thus, Everett's prosecutorial misconduct claims are procedurally defaulted.

Alternatively, even if Everett could satisfy the cause and prejudice standard, his prosecutorial misconduct claims fail. Ground six alleges prosecutorial misconduct for allowing "tainted evidence (Arrest Warrant dated July [17], 2018) to go uncorrected." [D.E. 300] 12; see [D.E. 300-29] 11; [D.E. 332] 12. As explained, Everett has not plausibly alleged a claim that the

13

July 17, 2018 arrest warrants were tainted by false statements. Thus, Everett's prosecutorial misconduct claim concerning the arrest warrants fails. Ground seven alleges prosecutorial misconduct for allegedly threatening Kareem Haley. As explained, the prosecution did not threaten Haley. Thus, Everett's prosecutorial misconduct claims fail.

After reviewing the claims presented in Everett's motion, the court finds that reasonable jurists would not find the treatment of Everett's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 321], DISMISSES petitioner's motion to vacate [D.E. 300], DENIES AS MOOT petitioner's other motions [D.E. 304, 306, 307, 312, 319, 326, 332], and DENIES a certificate of appealability.

SO ORDERED. This ___2___ day of October, 2025

JAMES C. DEVER III  
United States District Judge